UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT AGAZARYAN,<br><br>                    Plaintiff,<br><br>         v.<br><br>BMW FINANCIAL SERVICES NA, LLC, et al.,<br><br>                    Defendants. | Case No. 2:24-cv-05430 HDV MAAx<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [11]** |

## I. INTRODUCTION

Plaintiff Robert Agazaryan brings this action against Defendant BMW Financial Services NA, LLC ("BMW"), alleging that BMW induced him to enter into a lease agreement for a 2021 BMW X5 M50i. After the vehicle was deemed a total loss, Plaintiff continued to make payments to maintain a clean credit history. He alleges BMW refused to return his payments, even while BMW collected insurance proceeds.

Before the Court is Plaintiff's Motion to Remand ("Motion"), which argues that BMW fails to establish the amount-in-controversy requirement for diversity jurisdiction. [Dkt. No. 11]. Plaintiff relies principally on the voluntary dismissal of its fraud claim, contending the Court should not consider his now-stricken plea for punitive damages, which comprise the majority of his initial $154,294.93 damages plea. The amount in controversy, however, must be assessed at the time of removal. *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017).

The Court finds that the amount-in-controversy requirement is met and removal was proper. The Motion is denied.

## II. RELEVANT BACKGROUND

In 2021, Plaintiff leased a 2021 BMW X5 M50i ("Subject Vehicle") from BMW and Valencia B. Imports, Inc.[1] Complaint at 1, ¶ 14 [Dkt. No. 1-1]. According to Plaintiff, BMW assured him that his financial obligation under the motor vehicle lease agreement would not exceed the down payment, monthly payments, and lease end fee. *Id.* Plaintiff alleges BMW induced him to enter into the lease, which entitles BMW to collect sums in the event of a total loss. *Id.*

The Subject Vehicle was later deemed a total loss on March 2, 2023. *Id.* ¶ 25. After investigating Plaintiff's insurance claim, his insurance company determined that the total insurance payout/net settlement amount was to be $78,507.45. *Id.* ¶ 26. In addition, at the time of the total loss, the adjusted lease balance was $64,149.06, and the equity amount was $14,008.39. *Id.* ¶ 28. Plaintiff made an additional monthly payment of $1,359.02 to maintain a clean credit history around

---

[1] Although Plaintiff initially named Valencia B. Imports, Inc. as a defendant in the state court complaint, Plaintiff dismissed it from the Complaint on May 29, 2024.

this time. *Id.* ¶ 49. Although BMW collected the full settlement amount, BMW refused to remit any of the payout to Plaintiff. *Id.* ¶¶ 28–29.

In a complaint filed in Los Angeles Superior Court on February 22, 2024, Plaintiff asserts the following five claims: (1) fraud and deceit; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of Business & Professions Code § 17200, *et seq.*; (4) violation of Business & Professions Code § 17500, *et seq.*; (5) violation of the California Consumer Legal Remedies Act. *Id.* ¶¶ 63–144. On June 26, 2024, BMW filed a Notice of Removal to this Court. ("Removal Notice") [Dkt. No. 1] at 1–4. BMW argues that because Plaintiff is a resident of California and BMW is a citizen of Delaware and New Jersey, complete diversity exists between the parties. *Id.* ¶ 5. BMW also avers that since Plaintiff's Complaint specifies that he seeks damages in the amount of $154,294.93, the amount in controversy exceeds the $75,000 jurisdictional requirement. *Id.* ¶ 7.

Plaintiff filed his Motion to Remand on July 25, 2024, and BMW opposed it ("Opposition"). [Dkt. Nos. 11, 15, 16]. The Court heard oral argument on September 26, 2024, and took the matter under submission. [Dkt. No. 18].

### III. LEGAL STANDARD

Federal courts have original jurisdiction of civil actions between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. Federal jurisdiction under Section 1332 requires *complete* diversity, i.e., that each plaintiff is diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). Any doubts about removal are resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation omitted).

### IV. DISCUSSION

Plaintiff argues that diversity jurisdiction does not exist since he dismissed his fraud and deceit claim (and the related punitive damages sought for the claim), and therefore his "realistic" amount of recovery is $15,367.41. Motion at 12–20; *see* 28 U.S.C. § 1332(a). Plaintiff does not challenge that there is complete diversity between the parties. Motion at 13.

3

Where the amount in controversy is specifically pled in a state court complaint, the amount-in-controversy requirement "is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citation omitted). The Ninth Circuit and "[other] circuits have unanimously and repeatedly held that whether remand is proper must be ascertained on the basis of the pleadings at the time of removal." *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017). The Ninth Circuit has clarified, "When we say that the amount in controversy is assessed at the time of removal, we mean that we consider damages that are claimed at the time the case is removed by the defendant." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). Moreover, "when the amount in controversy is satisfied at removal, any subsequent amendment to the complaint or partial dismissal that decreases the amount in controversy below the jurisdictional threshold does not oust the federal court of jurisdiction." *Id.*

When Plaintiff initially filed his complaint, he sought "recovery of $154,294.93 in damages." Complaint at 39. Since this amount is specifically pled and meets the jurisdictional minimum, the amount-in-controversy is presumed satisfied "unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino*, 506 F.3d at 699.

Plaintiff contends that the initial amount cannot be recovered, since his amount of recovery is realistically $15,367.41. Motion at 12–15. He points to his requests to dismiss his cause of action for fraud and deceit, and to strike his request for punitive damages, which the Court granted. [Dkt. Nos. 10, 12]. Plaintiff reasons that since the large bulk of his initial $154,294.93 prayer for damages was comprised of punitive damages, which he no longer seeks, this larger amount cannot be recovered.² However, assessing the amount in controversy at the time of removal—and not based on subsequent amendments—the amount in controversy meets the jurisdictional minimum.³

---

² The Court notes that Plaintiff sought dismissal of his first cause of action *without* prejudice. *See* [Dkt. Nos. 10, 12]. Consequently, it is not legally certain that he cannot recover on the basis of that claim. *See Guglielmino*, 506 F.3d at 699.

³ Numerous courts in this district have reached the same conclusion under similar circumstances. *See, e.g., Martirosyan v. BMW Fin. Servs. NA, LLC*, No. CV 24-5413-JFW(ASX), 2024 WL

## V. CONCLUSION

The Court therefore finds that diversity jurisdiction exists and removal to this Court was proper. Plaintiffs' Motion to Remand is denied.

Dated: October 3, 2024

_____
Hernán D. Vera
United States District Judge

---

3886100, at *3 (C.D. Cal. Aug. 16, 2024); *Simonyan v. BMW Fin. Servs. NA, LLC*, No. CV 24-5404-JFW(EX), 2024 WL 3860973, at *3 (C.D. Cal. Aug. 16, 2024); *Halaby v. BMW Fin. Servs., N.A., LLC*, No. 2:24-CV-05266-JLS-SSC, 2024 WL 3993770, at *1 (C.D. Cal. Aug. 28, 2024); *Hayrapetyan v. BMW Fin. Servs. NA, LLC*, No. 2:24-CV-05216-AB-KS, 2024 WL 4171323, at *1 (C.D. Cal. Sept. 12, 2024); *Karapetyan v. BMW Fin. Servs. NA, LLC*, No. CV 24-5301-PSG (SKX), 2024 WL 4236319, at *2 (C.D. Cal. Sept. 18, 2024); *Sokiazian v. BMW Fin. Servs. NA, LLC*, No. CV 24-5419-PSG (KSX), 2024 WL 4236349, at *2 (C.D. Cal. Sept. 18, 2024); *Shakhbazyan v. BMW Fin. Servs. NA, LLC*, No. 2:24-CV-05355-WLH-AJRX, 2024 WL 4360133, at *2 (C.D. Cal. Sept. 30, 2024).